UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RICKIE HULSEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. SACV 14-01361 (GJS)<br><br>MEMORANDUM OPINION AND<br>ORDER |

## I.    PROCEEDINGS

Plaintiff Rickie Hulsey ("Plaintiff") filed a complaint seeking review of the Commissioner's partially favorable decision, finding Plaintiff disabled as of June 1, 2006, but declining to reopen adjudication of Plaintiff's previous application for Disability Insurance Benefits ("DIB") filed in 2003.  The parties filed consents to proceed before the undersigned United States Magistrate Judge, and motions addressing disputed issues in the case (Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), Defendant's Motion to Dismiss and Cross-Motion to Affirm and Memorandum of Points and Authorities in Support Thereof ("Defendant's Brief"), and Plaintiff's Combined Opposition to Defendant's Motion [to] Dismiss

1
2
3

for Lack of Jurisdiction and Reply in Support of Motion for Summary Judgment ("Reply")).  The Court has taken the motions under submission without oral argument.

## II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff first applied for DIB on November 18, 2003 ("first application"), alleging disability since October 12, 2002.  (Administrative Record ("AR") 57, 354).  After Plaintiff's first application was denied initially and upon reconsideration, Plaintiff appeared and testified at a hearing.  (AR 43).  On March 23, 2006, Administrative Law Judge Helen Hesse ("ALJ Hesse") issued a written decision ("Decision #1"), finding that Plaintiff was not disabled.  (AR 27-34, 43-50).  On May 31, 2007, the Appeals Council denied Plaintiff's request for review.  (AR 80-82).  Because Plaintiff did not seek federal court review within 60 days of the Appeals Council's decision, Decision #1 became the final decision of the Commissioner.  (AR 81); *see* 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").

On April 16, 2010, Plaintiff filed a second application for DIB ("second application") alleging a disability onset date of July 29, 2003.  (AR 57, 359-60).  The second application was denied initially and on reconsideration.  (AR 57).  Thereafter, Plaintiff requested a hearing, which was held on March 13, 2012.  (AR 57).  On May 2, 2012, Administrative Law Judge Joseph Lisiecki III ("ALJ Lisiecki") issued a partially favorable decision ("Decision #2"), finding a disability onset date of June 1, 2006.  (AR 57-67).  ALJ Liesiecki determined that there was no good cause to reopen Decision #1, which had become the final decision of the Commissioner.  (AR 57).  On August 8, 2014, the Appeals Council denied review,

making Decision #2 the final agency decision subject to judicial review.  (AR 75-77).

Plaintiff filed a complaint seeking judicial review in this Court on August 28, 2014.  Plaintiff challenges as reversible error ALJ Hesse's findings in Decision #1, ALJ Lisiecki's decision to not reopen Decision #1, and ALJ Lisiecki's assessment of only partial disability in Decision #2.  Plaintiff moves for summary judgment reversing Decision #1 and Decision #2, and an order finding her disability to have commenced no later than the alleged onset date set forth in her first application, October 12, 2002, as well as payment of benefits, attorney fees, interest, punitive damages, and other fees.  The Commissioner moves for dismissal of this action for lack of jurisdiction and, alternatively, summary judgment affirming Decision #2.

## III.   DISCUSSION

### A. Statute of Limitations Bars Direct Review of Decision #1

Plaintiff raises a number of asserted errors directly challenging ALJ Hesse's findings in Decision #1 (i.e., improper consideration of the medical and lay witness evidence, failure to develop the record, and inadequate evaluation of Plaintiff's ability to perform past work).  (Plaintiff's Motion; Reply).  The Commissioner argues that the court lacks jurisdiction to review Decision #1, and Plaintiff's complaint is barred by the statute of limitations.  (Defendant's Brief at 3-6).  The Court agrees with the Commissioner that Plaintiff's challenge to ALJ Hesse's findings in Decision #1 is untimely.

Under section 405(g), a claimant has 60 days to file an action for federal district court review after the Appeals Council's decision denying review was mailed to her.  *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of

such decision or within such further time as the Commissioner of Social Security may allow."); *see* 20 C.F.R. §§ 404.981, 422.210(c). The statute of limitations in section 405(g) "must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986).

ALJ Hesse issued Decision #1 on March 23, 2006. (AR 27-34, 43-50). Decision #1 became the final decision of the Commissioner when the Appeals Council denied review on May 31, 2007. (AR 80-82). On that date, the Appeals Council mailed the notice to Plaintiff, as well as to Plaintiff's attorney. (AR 80-82). Plaintiff is presumed to have received notice of the Appeals Council decision five days after the date of the decision, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 422.210(c). Thus, Plaintiff had until August 5, 2007, in which to bring an action seeking review of Decision #1. Because Plaintiff did not file the complaint in this action until August 28, 2014, the 60-day statute of limitations bars Plaintiff's challenge to Decision #1, unless the limitations period is extended or tolled.

Plaintiff essentially argues that she is entitled to direct review of Decision #1 because she attempted in good faith to file an appeal of Decision #1 in April 2010, but her appeal was filed as her second application for DIB, due to the Administration's clerical error. (Plaintiff's Motion at 2-4, 7-14). Plaintiff asserts that the filing of her second application improperly foreclosed her ability to appeal Decision #1, and she did not become aware of the Administration's clerical mistake until May 2012. (Plaintiff's Motion 2-4, Reply at 4-5).

Plaintiff has failed to establish a basis for avoiding the limitations bar. First, while the Commissioner has the discretion to waive the 60-day limitations period described in section 405(g), there is no indication that the Commissioner waived the statute of limitations in this case. *See, e.g., Banta v. Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991) (Social Security complaint barred by the statute of limitations where the plaintiff "point[ed] to no evidence of waiver"). Second, this is not one

4

1   of the "rare cases," in which equitable tolling of section 405(g)'s limitations period

2   is justified.  *See Bowen v. City of New York*, 476 U.S. at 480-81; *Seattle Audubon*

3   *Society v. Robertson*, 931 F.2d 590, 595 (9th Cir. 1991) (explaining that equitable

4   tolling has generally been considered appropriate in two situations:  (1) some kind

5   of wrongful conduct on the part of the defendant prevented the plaintiff from

6   asserting her claims; and (2) extraordinary circumstances beyond the plaintiff's

7   control made it impossible to file the claim on time).  Though Plaintiff complains

8   that her appeal of Decision #1 was mistakenly filed as her second application in

9   April 2010 due to a clerical error, Plaintiff has failed to show that any wrongful

10  conduct by the Administration or other extraordinary circumstances beyond

11  Plaintiff's control prevented the timely of a filing a civil action.  Third, to the

12  extent Plaintiff may be alleging that the 60-day statute of limitations should be

13  tolled due inadequate notice of the Appeals Council's decision, her claim lacks

14  merit.  (Reply at 16-18).  The notice sent to Plaintiff's attorney has "the same force

15  and effect as if it had been sent to [the claimant]."  *See* 20 C.F.R. § 404.1715(b)

16  ("A notice or request sent to your representative, will have the same force and

17  effect as if it had been sent to you."); *see Bess v. Barnhart*, 337 F.3d 988, 990 (8th

18  Cir. 2003) ("notice received by either the individual or the individual's attorney,

19  whichever occurs first, triggers the sixty-day limitations period").

20       Accordingly, Plaintiff's claims directly challenging the findings made by

21  ALJ Hesse in Decision #1, rather than ALJ Lisiecki's asserted errors in declining

22  to reopen Decision #1, are rejected as time-barred.  *See* 42 U.S.C. § 405(g).  The

23  Commissioner's cross-motion for summary judgment is granted on this issue,

24  Plaintiff's motion for summary judgment is denied on this issue, and the

25  Commissioner's motion to dismiss for lack of jurisdiction is denied.

26  **B. Res Judicata - No basis for Reopening Decision #1**

27       The Social Security Act limits judicial review of the Commissioner's

28  decisions to "any final decision . . . made after a hearing."  42 U.S.C. § 405(g).

5

The Commissioner may apply res judicata to bar reconsideration of a prior, final benefits decision. *See Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985); *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996); *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) (Ordinarily, "when a claimant reapplies for disability benefits after an earlier denial, that earlier denial precludes the claimant from arguing that he was disabled during the period covered by the earlier decision."). As a decision not to reopen a prior decision is discretionary, it does not constitute a final decision, and is ordinarily not subject to judicial review. *See Califano v. Sanders*, 430 U.S. 99, 107-09, 97 S. Ct. 980, 51 L.Ed.2d 192 (1977); *Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001). In addition, when a claimant reapplies for benefits after a previous denial, the prior decision creates a "presumption of continuing nondisability." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). To overcome this presumption of continuing nondisability, the claimant "must prove 'changed circumstances' indicating a greater disability." *Id.* (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)).

Here, although ALJ Liesiecki found Plaintiff had successfully rebutted the presumption of continuing non-disability by issuing a partially favorable decision, ALJ Liesiecki properly invoked res judicata to bar reconsideration of whether Plaintiff was disabled during the period covered by Decision #1. *See Krumpelman*, 767 F.2d at 588; *Lester*, 81 F.3d at 827; *Green*, 803 F.2d at 530.

Liberally construing Plaintiff's pleadings, Plaintiff argues that several exceptions to the res judicata bar justify reopening of Decision #1: (1) there was good cause for reopening Decision #1; (2) ALJ Lisiecki constructively reopened Decision #1; and (3) due process requires reopening of Decision #1. The Court considers and rejects each of these arguments.

## 1. Voluntary Reopening

The Commissioner has the ability to reopen a prior decision of non-disability. The Commissioner may reopen a decision within 12 months for any

6

1    reason, and within four years upon a finding of good cause.[1]  *See* 20 C.F.R. §

2    404.988.  Good cause may be found if new and material evidence is provided,

3    there is a clerical error in the computation of benefits, or the evidence considered

4    clearly shows, on its face, that an error was made.  *See* 20 C.F.R. § 404.989(a).

5           Plaintiff argues that there was good cause to reopen Decision #1 based on

6    the clerical mistake resulting in the filing of Plaintiff's second application in 2010,

7    errors in ALJ Hesse's consideration of the evidence, findings of fact, and

8    development of the record, and new evidence presented at the 2012 hearing from

9    the testifying medical expert.  (Reply at 4-5).  ALJ Lisiecki, however, expressly

10   stated that there was no good cause to support a reopening and that Decision #1

11   was final.  (AR 57).  Further, as more than four years had passed since ALJ Hesse

12   issued Decision #1, a reopening on the basis of good cause was not authorized

13   under the regulations.  *See* 20 C.F.R. §§ 404.988, 404.989; *see*, *e.g.*, *King v.*

14   *Chater*, 90 F.3d 323, 325 (8th Cir. 1996) ("there can be no constructive reopening

15   after four years because [the] concept cannot extend beyond the scope of authority

16   granted under the regulations.") (citation and internal quotations omitted).

17          **2.  De Facto Reopening**

18          An ALJ may also constructively reopen a prior decision by considering on

19   the merits the issue of a claimant's disability during the previously adjudicated

20   period.  *See Lester*, 81 F.3d at 827; *see also Lewis v. Apfel*, 236 F.3d 503, 510 (9th

21   Cir. 2001).  If such a "de facto" reopening does occur, then the Commissioner's

22   "decision as to the prior period is subject to judicial review."  *Lester*, 81 F.3d at

---

24          [1] The regulations also provide that a decision may be reopened at anytime if
25   there was fraud or similar fault.  *See* 20 C.F.R. § 404.988(c).  However, none of the
     11 fact specific described in this section apply to this case.  *See* 20 C.F.R. §
26   404.988(c)(1)-(11); *see also Overend v. Sullivan*, 879 F.2d 673, 675 (9th Cir.
27   1989) (explaining generally that 20 C.F.R. § 404.988(c) "enumerate[s] grounds for
     reopening which only the Secretary would use to reopen, e.g., fraud").

28

827, n. 3.  However, "where the discussion of the merits is followed by a specific conclusion that the claim is denied on res judicata grounds, the decision should not be interpreted as re-opening the claim and is therefore not reviewable." *Krumpelman*, 767 F.2d at 589 (citing *McGowen v. Harris*, 666 F.2d 60, 68 (4th Cir. 1981)).

Here, in Decision #2, ALJ Lisiecki made it clear that that he was not reopening Decision #1.  (AR 57).  He also stated that the presumption of continuing disability applied, with respect to the period prior to June 1, 2006.  (AR 57).  Although ALJ Lisiecki did discuss medical records pertaining to the period covered by Decision #1, he reasonably did so in order to determine whether there had been a substantial change in Plaintiff's condition since ALJ Hesse issued Decision #1.  *See Krumpelman*, 767 F.2d at 589; *see Oberg v. Astrue*, 472 Fed. Appx. 488, 489-90 (9th Cir. 2012); *Robertson v. Sullivan*, 979 F.2d 623, 625 (8th Cir. 1992) (Merely reviewing the prior claim and the medical history to determine whether to reopen does not constitute a de facto reopening of the merits of the claim).  ALJ Lisiecki cited the earlier records to support his res judicata finding not to reopen Decision #1.  Plaintiff argues that ALJ Liesiecki reopened Decision #1, as he referenced Plaintiff's alleged onset date of July 29, 2003, as set forth in her second application, in discussing Plaintiff's severe impairments at step two of the sequential analysis.  (Plaintiff's Motion at 11; Reply at 2, 6-7).  However, ALJ Lisiecki's consideration of Plaintiff's medical conditions does not constitute a de facto reopening of Decision #1, as ALJ Lisiecki did not actually reconsider the merits of Plaintiff's prior application.  Given ALJ Lisiecki's express finding that Decision #1 was final, the Court concludes that a de facto reopening did not occur.  (AR 57).

### 3.  Due Process

A claimant may also challenge the Commissioner's denial of a petition to reopen on constitutional grounds.  *Califano v. Sanders*, 430 U.S. at 109.  "The

constitutional claims must relate to the manner or means by which the Secretary decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that decision was reached."  *See also Panages v. Bowen*, 871 F.2d 91, 93 (9th Cir. 1989).  "Where the record is patently inadequate to support the findings the ALJ made, application of res judicata is tantamount to a denial of due process."  *Thompson v. Schweiker*, 665 F.2d 936, 941 (9th Cir. 1982). Such a claim must be more than a request for "an additional opportunity to establish that he satisfies the Social Security Act's eligibility standards for disability benefits."  *Califano v. Sanders*, 430 U.S. at 109; *cf. Klemm v. Astrue*, 543 F.3d 1139, 1144-45 (9th Cir. 2008) (explaining that a claimant may assert a colorable constitutional claim by alleging she could not obtain review because she suffered from a mental impairment and was not represented by counsel, unless such allegations are purely conclusory and unsupported by facts).

Here, in support of her due process claim, Plaintiff reiterates her argument that Plaintiff's good faith appeal of Decision #1 was mistakenly filed as her second application due to the Administration's clerical error.  (Plaintiff's Motion at 1-14; Reply at 14).  However, a "mere allegation of a due process violation is not a colorable constitutional claim."  *Klemm,* 543 F.3d at 1144 (citation and internal quotations omitted).  Plaintiff's argument does not implicate the propriety of ALJ Lisiecki's res judicata finding.  *Panages*, 871 F.2d at 93.  While plaintiff may disagree with ALJ Lisiecki's decision not to reopen the prior claim, the court cannot say that the record is "patently inadequate" to support the findings of ALJ Lisiecki, such that application of res judicata would be "tantamount to a denial of due process" and result in manifest injustice. *Thompson*, 665 F.2d at 940-41. Thus, Plaintiff's inadequate showing fails to state a colorable constitutional claim warranting review of ALJ Lisiecki's determination of res judicata.[2]

---

[2] In support of her due process claim, Plaintiff makes several additional

1    Accordingly, res judicata bars reconsideration of Decision #1.  The

2    Commissioner's cross-motion for summary judgment is granted on this issue,

3    Plaintiff's motion for summary judgment is denied on this issue, and the

4    Commissioner's motion to dismiss is denied.

5    **C. ALJ Lisiecki's Failure to Develop the Record**

6    Plaintiff contends ALJ Lisiecki erred in failing to adequately develop the

7    record to find that Plaintiff was disabled prior to June 1, 2006.  (Reply at 2-3, 11-

8    14).  The Commissioner asserts that Plaintiff's attorney "expressly amended" her

9    alleged onset date to June 1, 2006, and that Plaintiff's failure to assert an earlier

10   disability date constitutes waiver of that argument.  (Defendant's Brief at 8).

11   Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision

12   to determine if:  (1) the Administration's findings are supported by substantial

13   evidence; and (2) the Administration used correct legal standards.  *See Carmickle

14   v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d

15   1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a

16   reasonable mind might accept as adequate to support a conclusion." *Richardson v.

17   Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and

18   internal quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

19   An ALJ has the duty "to fully and fairly develop the record." *Tonapetyan v.

20   Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted).  This duty is

21   triggered when the evidence in the record is ambiguous or inadequate to allow for

22   proper evaluation thereof.  *See id*.; *Mayes v. Massanari*, 276 F.3d 453, 459 (9th

23

24   statements.  (Plaintiff's Motion at 11; Reply at 14).  Plaintiff references a "guard
     incident," states that "Plaintiff's appeal somehow sat on a S.S. personnel's desk for

25   over a year before sent forward," and claims that "ALJ, Lisiecki III, fail to honor:
     F.R. of Civil Procedure, 28 USCA. *U.S. v. White County Bridge Comm. (1960), 2

26   Fr Serv 2d 107, 275 F2d 529, 535*."  (Plaintiff's Motion at 14).  Plaintiff's

27   statements do not establish a colorable constitutional claim.

28

Cir. 2001). "In the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made," the ALJ must "call upon the services of a medical advisor and [ ] obtain all evidence which is available to make the determination." *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991); *see also Armstrong v. Commissioner of Social Security Admin.*, 160 F.3d 587, 589 (9th Cir. 1998) (explaining that the ALJ "should call on the services of a medical advisor when onset must be inferred.") (quoting Social Security Ruling ("SSR") 83-20)); *Morgan v. Sullivan*, 945 F.2d 1079 (9th Cir. 1991) (explaining that when the evidence regarding date of onset is ambiguous, SSR 83-20 suggests that "the ALJ should determine the date based on an informed inference . . . [which] is not possible without the assistance of a medical expert.").

A review of the record and evidence demonstrates an ambiguity regarding the onset of Plaintiff's disability. At the outset of the hearing, Plaintiff's attorney stated: "We're presenting on a theory that the Claimant was significantly less than sedentary . . . . effective as of June 1, 2006, if not before." (AR 10). ALJ Lisiecki did not ask Plaintiff's attorney to clarify the onset date of Plaintiff's disability.

The medical expert who testified at the hearing, Dr. Goldhamer, opined, in relevant part, that Plaintiff should avoid even moderate exposure to fumes, odors, dust, and gases, and that an individual with Plaintiff's level of chronic fatigue was likely to miss more than three days of work a month. (AR 12-13). ALJ Lisiecki stated that he gave great weight to Dr. Goldhamer's opinion. (AR 65-66). However, Dr. Goldhamer did not identify when Plaintiff began to experience the work-related limitations.

A vocational expert ("VE") also testified at the hearing. The VE was asked to consider an individual with Plaintiff's education and work history, who was limited to light work, but must avoid moderate exposure to fumes, odors, dust, gases and poor ventilation. (AR 19). The VE responded that such an individual

1    would not be able to perform Plaintiff's past work or any other work.  (AR 19).[3]

2    ALJ Lisiecki relied on the VE's testimony to conclude that Plaintiff was disabled

3    as of June 1, 2006.  (AR 67).

4          The evidence in the record is ambiguous as to when Plaintiff's condition

5    became disabling.  First, the Commissioner's argument that Plaintiff expressly

6    waived a claim for benefits prior to June 1, 2006, is not supported by the record.

7    Although the attorney's statement that Plaintiff was seeking benefits "as of June 1,

8    2006, if not before" was somewhat equivocal, it did not represent an intentional

9    relinquishment of Plaintiff's right to seek an earlier onset date.  *See United States*

10   *v. King Features Entertainment, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988) ("Waiver

11   is the intentional relinquishment of a known right with knowledge of its existence

12   and the intent to relinquish it.").  Second, although ALJ Lisiecki found Plaintiff

13   disabled as of June 1, 2006, that was not necessarily the date she became disabled.

14   Dr. Goldhamer appears to have based his opinion, at least in part, on medical

15   records predating June 1, 2006.  (AR 11-13).  Dr. Goldhamer, however, did not

16   testify as to the date when Plaintiff first acquired the assessed work limitations.

17   (AR 13, 65-66).  Rather than simply infer an onset date of June 1, 2006, ALJ

18   Lisiecki should have asked Dr. Goldhamer about the actual onset date of Plaintiff's

19   limitations.  *See Armstrong*, 160 F.3d at 589; *DeLorme*, 924 F.2d at 848 (directing

20   ALJ "to obtain all evidence which is available to make the determination" as to

21   claimant's disability onset date when medical evidence is not definite with respect

22   thereto).  Accordingly, Plaintiff's motion for summary judgment on this issue is

23   granted.

24          The Court may remand this case "either for additional evidence and findings

25          _____

26          [3] The VE was also asked to consider an individual who would miss more
     than five days of work per month and would not be able to persist for a normal
27   eight-hour workday or 40 hour workweek.  (AR 20).  The VE responded that such
     an individual would not be able to perform any work.  (AR 20).

28

                                              12

or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Benecke*, 379 F.3d at 595. Where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000); *Treichler v. Commissioner*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved").

Here, remand is appropriate because the circumstances of this case suggest that further administrative review could remedy ALJ Lisiecki's errors. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L.Ed.2d 272 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"). As the date of Plaintiff's onset of disability was unclear from the record, issues remain warranting remand for further administrative proceedings. On remand, the Commissioner should obtain the services of a medical expert to assist in determining Plaintiff's onset date.[4]

/ / /

---

[4] As discussed above, res judicata bars reconsideration of whether Plaintiff was disabled during the period covered by Decision #1. Thus, on remand, the period at issue is March 24, 2006, through June 1, 2006.

13

## IV.   CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.

DATED: September 15, 2015

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

14